United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40076
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL REYES; LUIS ENRIQUE MALDONADO-GARZA,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
No. 5:05-CR-427-1
--------------------

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Raul Reyes appeals his conviction of illegally transporting aliens for private financial gain, arguing that the district court abused its discretion by admitting extrinsic evidence of a prior arrest for the same offense. Luis Enrique Maldonado-Garza appeals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his sentence resulting from his conviction of illegally transporting aliens for private financial gain. Maldonado-Garza contends the district court erred in applying the sentence enhancement under U.S.S.G. § 2L1.1(b)(5) for creating a substantial risk of death or serious bodily injury.

The district court admitted evidence of Reyes's arrest from 2002 under FED. R. EVID. 404(b) after finding that the evidence had probative value that was not outweighed by prejudice. The evidence was relevant because the offense involved the same knowledge and intent. See United States v. Gordon, 780 F.2d 1165, 1173 (5th Cir. 1986). The probative value was not outweighed by the prejudice. See United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978) (en banc). Further, the district court gave a limiting instruction to the jury. Therefore, the court did not abuse its discretion by admitting evidence of Reyes's arrest for transporting illegal aliens in the trunk of a passenger car. See United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995).

Maldonado-Garza's argument is without merit. He transported sixteen aliens in the trailer portion of a tractor-trailer. The trailer also contained pallets of wire that a border patrol agent had to climb over when he conducted a search of the vehicle. The risk posed to the aliens involves a greater risk than that of an ordinary passenger traveling without a seatbelt. See United States v. Zuniga-Amezquita, 468 F.3d 886, 889-90 (5th Cir. 2006). Thus, the district court did not err in imposing an enhancement under

§ 2L1.1(b)(5).

AFFIRMED.